# Standard Refrigerator Company *v.* Apeldorn & Beatty Company, Appellant.

*Contract—Rescission—Damages—Purchase money—Recovery.*

One who is not in position to comply with the terms of his contract and has done nothing toward its fulfillment, is not entitled, upon its cancellation by the other party, to retain a substantial payment which he received on account of the contract.

*Contracts—Rescission—Damages—Nominal damages.*

Where a plaintiff, who paid $500 as an initial payment on account of a bailment lease of a gas engine, cancelled the same before defendant had done anything toward fulfilling it, and then sued to recover the sum so paid, it was proper for the trial court, hearing the case without a jury, to award plaintiff judgment for $500 less defendant's damages, and where no damages were shown an allowance of $1 as nominal damages was correct.

Argued October 7, 1921.   Appeal, No. 61, Oct. T., 1921, by defendant, from judgment of the Municipal Court of Philadelphia, August T., 1920, No. 250, in favor of plaintiff, in case tried by the court without a jury in suit of Standard Refrigerator Company, v. Apeldorn & Beatty Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit to recover initial payment on a contract. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of plaintiff in the sum of $500, with interest, less nominal damages which were fixed at $1, making a total of $528 and entered judgment thereon.   Defendant appealed.

*Errors assigned* were the finding of the court, refusal of request for a conclusion of law that judgment must be for defendant, and dismissing defendant's motion for judgment non obstante veredicto.

*Edgar S. McKaig,* for appellant.—A breach of contract cannot be the foundation of a right to recover money paid under the contract: Sanders v. Brock, 230 Pa. 609; Thompson v. Stone, 43 Pa. Superior Ct. 69.

*C. F. Conard,* of *Conard & Middleton,* for appellee.— Had the parties stipulated for a penalty of $500, the court would not have enforced it and it cannot be retained: Emery v. Boyle, 200 Pa. 249; Kelso v. Reid, 145 Pa. 606.

OPINION BY KELLER, J., November 21, 1921:

This is an appeal from the judgment of the municipal court in an action of assumpsit tried without a jury. The plaintiff sued to recover a first payment of $500 made on account of a contract for the purchase of a gas engine, which contract, it was averred, it had rescinded because of certain alleged misrepresentations as to the relative cost of installing and operating electric and gas engines. It also averred that defendant had accepted said cancellation and had never delivered or tendered the engine. The defendant denied any misrepresentations on its part, denied having accepted the cancellation of the contract, which it averred was one of lease or bailment, and claimed to retain the $500 under its terms and provisions. The trial judge found that there was no justification on the part of the plaintiff for its refusal to carry out its agreement, but that defendant had shown no damages resulting from plaintiff's action and accordingly allowed defendant one dollar as nominal damages for the breach and entered judgment for the plaintiff for the balance of the claim.

From the testimony the following facts appeared: Plaintiff was desirous of installing a higher-powered engine in its refrigerating business and being in doubt whether to get a larger gas engine or use an electric motor, consulted defendant's officers, who are expert engineers, as to the best course to adopt. They informed

plaintiff's officers that they could get a fifty-horsepower gas engine, described by one of the witnesses as a "War Measure" engine, capable of filling plaintiff's requirements, which they had located at Pittsburgh or some point in Western Pennsylvania. The plaintiff agreed to buy this engine at the price of $2,900 and the delivery of its old gas engine, and a contract, in the form of a lease or bailment, was entered into on December 10, 1919, in which it was declared that the defendant "hereby delivers" to the plaintiff on hire a fifty horsepower used White & Middleton gas engine on the following terms: $500 on the execution of the lease, $500 on starting the engine, and $200 on the tenth day of each month thereafter, until $2,900 had been paid as rent, when on receipt of one dollar the bailor (defendant) would execute and deliver to the bailee (plaintiff) a bill of sale for said engine.

As a matter of fact the defendant did not deliver the engine to the plaintiff at or before the execution of the contract. This is admitted. There was actually no proof that the defendant owned, or had in its possession, the engine in suit when the contract was signed. Defendant's president referred to it as an engine which they "expected to get" from Western Pennsylvania and said that as soon as the contract was signed he ordered it to be shipped. There was no proof in the case that it ever was shipped pursuant to that order, or that it ever came into defendant's possession, and certainly no delivery or tender of it to the plaintiff ever was made.

Within a day or two after the contract was signed plaintiff apparently regretted its decision to instal a larger gas engine and tried to communicate with defendant's president by 'phone. One of its officers testified that he finally succeeded in doing so and told him that they had decided that the gas engine was not the power they wanted and asked him to come to plaintiff's office and telegraph to Pittsburgh immediately, before any expense had been incurred, to cancel the order, which he

agreed to do. Defendant's president denied this and said he was only asked to call at plaintiff's office, which he promised to do as soon as he could, and as the trial judge has found on this point in favor of the defendant, we must accept his version as true. But it is undisputed that on December 31, 1919, plaintiff wrote defendant cancelling the contract and requesting the return of the five hundred dollars paid thereon, to which defendant made no reply, and no further communication passed between the parties.

As before stated there was no evidence in the case that defendant ever bought, owned or was in possession of the engine covered by the contract. It expected to get the engine and telegraphed that it be shipped immediately following the signing of the contract, but no proof was submitted that it actually ever was shipped or ever came into the possession of the defendant. It was admittedly never delivered under the lease or tendered to plaintiff; and while plaintiff's letter of December 31st might excuse a formal tender as a vain thing, nevertheless if defendant claimed the right to retain the down money as rental under the terms of the contract, it should at least have shown that it was in a position to comply with the terms of the lease and had possession of the leased article. Without such proof it was not entitled to retain the advance rental, and there was no other evidence in the case of any loss or damage resulting to defendant from plaintiff's breach of the contract. Ordinarily there can be no hiring unless there is a delivery of the thing hired, and while a constructive delivery may be sufficient in certain circumstances (Collins's Appeal, 107 Pa. 590; Phila. W. & B. R. R. Co. v. Woelpper, 64 Pa. 366; Wallace's App., 104 Pa. 559) the lessor must at least be able to deliver the property at the time he seeks to enforce the contract. The facts in this case are unusual in that the parties were contracting for the hire of an article not shown to have been owned by or in the possession of the lessor at the time

the contract was made or subsequently, and unless in a position to perform the contract it was not damaged by the breach.

We are of opinion that the judgment entered by the court below was correct and the assignments of error are accordingly overruled and the judgment is affirmed.